James F. McMANUS, Plaintiff,

v.

CAPITAL AIRLINES, Inc., Allegheny Airlines, Inc., Eastern Air Lines, Inc., Trans World Airlines, Inc., United Air Lines, Inc., Braniff Airways, Incorporated, Delta Air Lines, Inc., National Airlines, Inc., Northeast Airlines, Inc., Western Airlines Inc., Bonanza Air Lines, Inc., Continental Air Lines, Inc., Lake Central Airlines, Inc., Piedmont Aviation, Inc., Trans-Texas Airways, Inc., The American Society of Travel Agents, Inc., Evelyn C. Ryan and Joseph M. Ryan, Individually and as copartners doing business under the trade name and style of Hempstead Travel Bureau and Travel Bureau of Hempstead, Defendants.

Civ. No. 18689.

United States District Court
E. D. New York.

Sept. 30, 1958.

James F. McManus, Levittown, for plaintiff.

Chadbourne, Parke, Whiteside & Wolff, New York City, for defendants

Bonanza Air Lines, Inc., Continental Air Lines, Inc., Piedmont Aviation, Inc., and Western Airlines, Inc. Edward R. Neaher, New York City, Richard B. Steinmetz, Jr., No. Tarrytown, N. Y., of counsel.

James D. Walsh, New York City, and Clark, Reed & Clark, Dallas, Tex., for defendant, Trans-Texas Airways, Inc. Robert L. Clark and Ramsey Clark, Dallas, Tex., of counsel.

BRUCHHAUSEN, District Judge.

Plaintiff, James F. McManus, brought this action for treble damages against the defendants alleging that they conspired together and violated the antitrust laws in failing to approve plaintiff's application to become an authorized Air Traffic Conference travel agent. Defendants, Bonanza Air Lines, Inc., Continental Air Lines, Inc., Piedmont Aviation, Inc., Western Airlines, Inc., and Trans-Texas Airways, Inc., now move to dismiss the action and to quash the service of summons as to them upon the ground that the Court lacks jurisdiction over the persons of the defendants.

Section 12 of the Clayton Act, 15 U.S. C.A. § 22, provides as follows:

"Any suit, action, or proceeding under the antitrust laws against a corporation may be brought not only in the judicial district whereof it is an inhabitant, but also in any district wherein it may be found or transacts business; and all process in such cases may be served in the district of which it is an inhabitant, or wherever it may be found."

Defendants Bonanza and Continental are Nevada corporations with their principal offices in Las Vegas, Nevada and Denver, Colorado, respectively. Their operations are confined to certain western States. Defendant Piedmont is a North Carolina corporation with its principal office in Winston-Salem, North Carolina. Its operations are in States south of Washington, D. C. Defendant Western, a Delaware corporation, has its principal office in Los Angeles, California and operates between St. Paul, Minnesota and the west coast as well as in Canada and Mexico. Defendant Trans-Texas is a Texas corporation with its principal office in Houston, Texas. It operates in four southern States. The said five defendants were served with process at their principal places of business.

The allegation of jurisdiction must be supported by proof. Hansen Packing Co. v. Armour & Co., D.C., 16 F.Supp. 784. To support his allegation that the said defendants are doing substantial business in this district, plaintiff makes mention of their activities therein. He contends that the said defendants are doing substantial business within this district because of the fact that their tickets are issued and fares collected by employees and fellow operators of the Air Transport Association of America (ATA) and of the Air Traffic Conference Division (ATC) of the said Association, also by Joint Airlines Military Traffic Office (JANTO) and licensed ATC ticket and travel agents throughout the district. Plaintiff further asserts that said defendants are also doing business in this district in that they publish and file joint tariffs and advertise in and solicit business through the "Official Airline Guide."

The test of whether or not a corporation is transacting business in a district is the practical, everyday business or commercial concept of doing business of any substantial character. United States v. Scophony Corp., 333 U.S. 795, 807, 68 S.Ct. 855, 92 L.Ed. 1091.

The activities alluded to by plaintiff all have to do with the sale of tickets in this district. Whether or not those selling the tickets are actually the agents or subagents of the five defendants is of no significance since the sale of tickets does not of itself constitute doing business. Philadelphia and Reading Railway Co. v. McKibbin, 243 U.S. 264, 37 S.Ct. 280, 281, 61 L.Ed. 710; MacInnes v.

Fontainebleau Hotel Corp., 2 Cir., 257 F.2d 832.

In the McKibbin case, supra, Mr. Justice Brandeis, writing for the Court said:

> "Obviously the sale by a local carrier of through tickets does not involve a doing of business within the state by each of the connecting carriers. If it did, nearly every railroad company in the country would be 'doing business' in every state. Even hiring an office, the employment by a foreign railroad of a 'district freight and passenger agent \* \* \* to solicit and procure passengers and freight to be transported over the defendant's line,' and having under his direction 'several clerks and various traveling passenger and freight agents,' was held not to constitute 'doing business within the state.' Green v. Chicago, B. & Q. R. Co., 205 U.S. 530, 27 S.Ct. 595, 51 L.Ed. 916."

The said defendant airline companies operate only in areas beyond this district and even though a passenger may purchase a ticket here he cannot use it here, therefore the airlines cannot be held to be doing business in this district.

Nor does the defendants' alleged participation in a cartel, assuming but not conceding it, invest the Court with jurisdiction where they are not doing business. Independent Productions Corp. v. Loew's, Incorporated, D.C., 148 F.Supp. 460.

While the plaintiff submitted no authority to support his position, he stated in oral argument that he considered that the Eastman case (Eastman Kodak Company of New York v. Southern Photo Materials Company, 273 U.S. 359, 47 S.Ct. 400, 71 L.Ed. 684) was helpful. The said action was commenced by the Photo Company in the District of Georgia. The Eastman Company sought dismissal upon the ground that it was not doing business there. It was estab-lished that for many years prior to the commencement of the action, Eastman had carried on interstate trade with dealers in Georgia, to whom it sold and shipped materials from New York. It also employed salesmen who travelled to Georgia and solicited and obtained orders. Under these circumstances, the Court held that Eastman was doing business in Georgia. It is abundantly clear that Eastman was operating and conducting its business in Georgia. On the other hand, it likewise is clear that the aforementioned five defendants in the case at bar at no time conducted their business, consisting of the operation of airplanes, in this district.

The defendants' motions are granted. Submit orders.