**SAN ANTONIO TELEPHONE COMPANY, INC., et al., Plaintiffs,**

v.

**AMERICAN TELEPHONE & TELEGRAPH COMPANY et al., Defendants.**

Civ. A. No. SA–72–CA–330.

United States District Court,
W. D. Texas,
San Antonio Division.

Oct. 3, 1973.

Joel W. Westbrook, Sheehy, Cureton, Westbrook, Lovelace & Nielsen, Waco, Tex., for plaintiffs.

J. Burleson Smith, San Antonio, Tex., Hugh L. Steger, Dallas, Tex., Hubert W. Green, Jr., San Antonio, Tex., for defendants.

## MEMORANDUM OPINION AND ORDER

WOOD, District Judge.

This is a private civil anti-trust action brought under the Sherman and Clayton Acts wherein the Plaintiffs' claims relate to the competitive situation in the business of supplying telecommunications station equipment. The Plaintiffs (three Texas corporations and one Connecticut corporation) sue for themselves and for all others "similarly situated who are contractors in the telephone station equipment business" in the continental United States and in the District of Columbia. The Defendants are Southwestern Bell Telephone Company and Mountain States Telephone & Telegraph Company, the "Bell System" companies providing telephone service in Texas, American Telephone & Telegraph Company, the corporate parent of Southwestern Bell and Mountain States which provides long distance telephone service between Texas and most of the rest of the world, Western Electric Company, Incorporated, a subsidiary of AT&T which sells equipment to the Bell System companies throughout the United States, and twenty-two other corporations, including New England Telephone and Telegraph Company, New York Telephone Company, New Jersey Bell Telephone Company, The Bell Telephone Company of Pennsylvania, The Diamond State Telephone Company, The Chesapeake and Potomac Telephone Company, The Chesapeake and Potomac Telephone Company of Maryland, The Chesapeake and Potomac Telephone Company of Virginia, The Chesapeake and Potomac Telephone Company of West Virginia, Southern Bell Telephone and Telegraph Company, South Central Bell Telephone Company, The Ohio Bell Telephone Company, Michigan Bell Telephone Company, Indiana Bell Telphone Company, Wisconsin Telephone Company, Illinois Bell Telephone Company, Northwestern Bell Telephone Company, Pacific Northwest Bell Telephone Company, The Pacific Telephone and Telegraph Company, The Southern New England Telephone Company, The Cincinnati and Suburban Bell Telephone Company (now Cincinnati Bell, Inc.), all of which are associated operating companies of the Bell System, and The Woodbury Telephone Company, these twenty-two corporations being referred to herein as "Moving Defendants". AT&T, Southwestern Bell, Mountain States and Western Electric

have answered without contesting venue in this Court as to them. Under Rule 12(b), Federal Rules of Civil Procedure, each of the Moving Defendants has filed its Motion to Dismiss for Improper Venue and Lack of Jurisdiction as to it. The cause is now before the Court on those motions.[1]

Extensive discovery has been had on the venue question. The record includes the Plaintiffs' Requests for Admissions, Interrogatories and Requests to Produce and the Moving Defendants' answers and production pursuant thereto, stipulations of the parties, the affidavit of each of AT&T, Southwestern Bell, Mountain States and each of the Moving Defendants, and several special "venue exhibits" filed by the Plaintiffs and others by the Moving Defendants. The discovery materials are quite voluminous and informative, but to attempt to detail them here would unduly extend this Memorandum Opinion. The Court, however, has considered all of the facts pertinent to the telecommunications industry. See Eastman Kodak Co. v. Southern Photo Materials Co., 273 U.S. 359, 47 S.Ct. 400, 71 L.Ed. 684 (1927), and United States v. Scophony Corporation, 333 U.S. 795, 68 S.Ct. 855, 92 L.Ed. 1091 (1948).

Plaintiffs' Complaint (amplified by their Amended Complaint) alleges venue to lie in this District under each of four separate and distinct bases, viz.:

(1) Each of the Moving Defendants "transacts business" in the Western District of Texas under Section 12 of the Clayton Act (15 U.S.C. § 22);

(2) AT&T and each of the "Defendant Operating Companies" (including each of the Moving Defendants) operate as a single entity without regard to separate corporate structure;

(3) Conspiracy; and

(4) Totality of Circumstances.

■■ The Court holds that neither (3) nor (4) supports the Plaintiffs in maintaining venue in this District. The conspiracy theory, although finding some support in such cases as Giusti v. Pyrotechnic Industries, 156 F.2d 351 (9th Cir. 1946), has been rejected by the weight of better authority. See, for example, Bertha Bldg. Corp. v. National Theatres Corp., 248 F.2d 833 (2nd Cir. 1957), cert. denied 356 U.S. 936, 2 L.Ed.2d 811, 78 S.Ct. 777 (1958); H. L. Moore Drug Exchange, Inc. v. Smith, Kline & French Lab., 384 F.2d 97 (2nd Cir. 1967); Independent Productions Corp. v. Loew's, Incorporated, 148 F. Supp. 460 (S.D.N.Y.1957); Bankers Life & Casualty Co. v. Holland, 346 U.S. 379, 74 S.Ct. 145, 98 L.Ed. 106 (1953); State of West Virginia et al. v. Morton International, Inc., 264 F.Supp. 689 (D.C.Minn.1967). Similarly, as held in *Bankers Life* and *State of West Virgina, supra*, if the grounds for venue in private anti-trust cases are to be enlarged, Congress, not the courts, must enlarge them. Accordingly, the "totality of circumstances" theory is not available to support venue here.

Turning, then, to the remaining two separate and distinct bases of venue alleged by the Plaintiffs, the Court finds that the facts and the law are against the Plaintiffs and with the Moving Defendants. After having considered the written briefs, the entire record and the oral arguments, the Court finds that it does not have venue over any of the Moving Defendants and that the Motion to Dismiss filed by each should be, and hereby is, granted.

■ Unquestionably, the "transacts business" addition to Section 12 of the Clayton Act was intended as a liberalization of the venue grounds formerly limited to "inhabitant" and "is found". Even so, it was not intended by Congress that, by this liberalization, plain-

---

1. Relying on Section 12 of the Clayton Act (15 U.S.C. § 22), the Plaintiffs had process served on all Moving Defendants outside the State of Texas.

tiffs were to have the unlimited right to determine venue.[2]

█ The Plaintiffs' principal contention with respect to "transacts business" is that each of the Moving Defendants transacts business in this District by providing and operating telecommunications facilities which by interconnection with lines of AT&T permit telecommunications between the Western District of Texas and the geographic area where those facilities are located, and by sharing in a division of certain interstate long distance revenue under Division of Revenue contracts typically existing between AT&T and each Moving Defendant. Without detailing here all of the pertinent facts concerning this interconnection of facilities and the provisions of these Division of Revenue contracts and the various considerations surrounding them, suffice it to say that the Court finds that the furnishing of such interstate long distance telephone service, and the division of revenue therefrom, do not constitute "transacting business" in this District under Section 12 of the Clayton Act. The Court concludes that the Moving Defendants are not transacting business in Texas in the "ordinary and usual sense" required under Eastman Kodak Co. v. Southern Photo Materials Co., *supra*, and United States v. Scophony Corporation, *supra*.

█ The Plaintiffs also contend that the Moving Defendants are "transacting business" in Texas in advertising interstate long distance telephone service. The Moving Defendants, however, advertise long distance service only in their respective operating area. AT&T, not contesting venue here, is the only Defendant who advertises long distance

service nationwide. ". . . national advertising which finds its way into a particular jurisdiction is insufficient to support a finding of transaction of business." Albert Levine Associates v. Bertoni and Cotti et al., 309 F.Supp. 456, 460 (S.D.N.Y.1970). See also Fox-Keller, Inc. v. Toyota Motor Sales, U. S. A., Inc. et al., 338 F.Supp. 812, 814, (E.D. Pa.1972); McManus v. Capital Airlines et al., 166 F.Supp. 301, 302 (E.D.N.Y. 1958).

█ While the Plaintiffs consider the "transacting business" ground "the most significant", they urge the so-called single-entity theory as a self-sufficient alternative basis of venue in this District.[3] Their contention here is summarized by the Plaintiffs:[4]

"It is Plaintiffs' contention that the Movants and parent corporation so operate as a single entity under the ultimate control and management of AT&T that when the parent is within the venue of this Court all members of the System are also within the venue of this Court."

The Court, however, finds that in the operations of AT&T and each of the Moving Defendants there has not been such "disregard of the corporate structure" as to warrant application of the so-called single-entity doctrine for venue purposes. Illinois Bell Telephone Co. v. Moynihan, 38 F.2d 77 (N.D.Ill.1930), reversed on other grounds sub nom. Smith v. Illinois Bell Telephone Co., 282 U.S. 133, 51 S.Ct. 65, 75 L.Ed. 255 (1930); Peterson v. Chicago, R. I. & P. R. Co., 205 U.S. 364, 27 S.Ct. 513, 51 L.Ed. 841 (1907); Cannon Mfg. Co. v. Cudahy Pkg. Co., 267 U.S. 333, 45 S.Ct. 250, 69 L.Ed. 634 (1925); Chicago, Milwaukee

---

2. The Plaintiffs say: "Congress, in passing Section 12 of the Clayton Act (15 U.S.C. § 22) expressed a clear and specific intent to liberalize the venue provisions under the antitrust laws. Specifically, this was to provide ready relief to injured plaintiffs and *without regard to the difficulty caused to corporate defendants*" (emphasis added). (Plaintiffs' Brief, p. 9) This, however, is completely inconsistent with the "traditional notions of fair play and substantial justice"

approach mandated by the Supreme Court in International Shoe Company v. Washington, 326 U.S. 310, 316, 317, 66 S.Ct. 154, 90 L. Ed. 95 (1945), to which the Fifth Circuit Court of Appeals has frequently paid its respect. (See, e. g., Green v. U. S. Chewing Gum Mfg. Co., 224 F.2d 369, 372, 373, 374 [5th Cir. 1955])

3. Plaintiffs' Brief, p. 2.

4. Plaintiffs' Brief, p. 11.

& St. Paul Ry. Co. v. Minneapolis Civic & Commerce Association, 247 U.S. 490, 38 S.Ct. 553, 62 L.Ed. 1229 (1918); International Shoe Co. v. Washington, *supra;* Fisher Baking Company v. Continental Baking Corporation et al., 238 F. Supp. 322 (D.Utah 1965); and Nagl v. Northam Warren Corp., 8 F.R.D. 130 (D.Neb.1948).

Accordingly, the Court orders that the cause of action alleged by the Plaintiffs against each Moving Defendant be, and it hereby is, dismissed.

■ The Court recognizes that the Order entered herein granting each Moving Defendant's Motion to Dismiss involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from this Order may materially advance the ultimate termination of this litigation. Therefore, in the interest of the orderly administration of justice, the Court orders that, should the Plaintiffs file an application for an appeal to the Circuit Court of Appeals for the Fifth Circuit, further proceedings herein shall be stayed as to all parties until further order of the Court.