**N–TRIPLE–C INC.**

v.

**AMERICAN TELEPHONE AND TELE-GRAPH COMPANY et al.**

Civ. A. No. 74–921.

United States District Court, E. D. Pennsylvania.

May 24, 1974.

Max L. Lieberman, Philadelphia, Pa., for plaintiff.

Sterling H. Schoen, Jr., Philadelphia, Pa., for American Telephone & Telegraph Co.

John B. King, Philadelphia, Pa., for Southwestern Bell, Illinois Bell, and Northwestern Bell.

## MEMORANDUM AND ORDER

NEWCOMER, District Judge.

In this action N–TRIPLE–C INC., a common carrier specializing in the provision of interstate private line communications services, is seeking to compel three subsidiaries of the American Telephone and Telegraph Company to provide interconnections so that plaintiff will be able to furnish certain services to its customers. American Telephone and Telegraph Company, the parent organization, is also joined as a defendant. Plaintiff alleges that it is authorized by the Federal Communications Commission to furnish the services for which it seeks interconnections, and that the Bell operating companies' failure to interconnect with it violates Sections 201 and 202 of the Communications Act, 47 U.S.C. §§ 201, 202. Plaintiff claims that this Court's jurisdiction over the matter is based on Section 406 of the Communications Act, which empowers a district court to compel a common carrier to furnish services where defendants' failure to provide those services violates a section of the Communications Act and where such failure results in discrimination between customers. Plaintiff claims that defendants have denied it interconnections which they readily give to AT&T's Long Lines Division, the Bell subsidiary responsible for interstate communications.

The facts and law of this case are nearly identical to those in a case recently decided by this Court, MCI Communications Corporation et al. v. American Telephone and Telegraph Co. et al., 369 F.Supp. 1004 (1974) in which an injunction was granted compelling AT&T, through its subsidiaries, to provide interconnection to plaintiff MCI. This injunction was vacated by the Court of Appeals for the Third Circuit on the grounds that this Court should have deferred to the primary jurisdiction of the Federal Communications Commission. MCI Communications Corporation et al. v. American Telephone and Telegraph Co. et al., 496 F.2d 214 (1974).

Three subsidiaries of AT&T, defendants Illinois Bell Telephone Company, Northwestern Bell Telephone Company, and Southwestern Bell Telephone Company, have filed motions to dismiss the complaint as against them on the grounds that the service of process upon them was improper and insufficient under Rule 4 of the Federal Rules of Civil Procedure and that this Court thus lacks in personam jurisdiction over them, and that the venue of this action is not proper as to these defendants within the Eastern District of Pennsylvania under 28 U.S.C. § 1391.

Plaintiff is a Nebraska corporation with operations throughout the Northwest, Midwest and Southwest. The moving defendants are corporations organized under the law of states other than Pennsylvania with their principal place of business in the Northwest, Midwest and Southwest. All the interconnections which plaintiff seeks to compel are between facilities located in these regions.

█ Plaintiff claims that substituted service upon the moving defendants was proper because Rule 4(e) of the Federal Rules of Civil Procedure authorizes service in the manner prescribed by state law, and § 8308 of Pennsylvania's long-arm statute, 42 P.S. App. § 8308, authorizes the Secretary of the Commonwealth to accept substituted service from a federal court "in the same manner and with the same effect" as substituted service issued by a state court. But this reasoning is circular. The Pennsylvania long-arm statute only authorizes service on foreign corporations if the action sued on arose within Pennsylvania. Plaintiff does not even attempt to argue that its cause of action arose in this state.

█ Assuming arguendo that service of process had been properly effected, we believe that venue does not properly lie in this district. The venue of this

action is governed by 28 U.S.C. § 1391 (b) and (c), which provide:

"(b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in the judicial district where all defendants reside [or in which the claim arose], except as otherwise provided by law.

(c) A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes."

Since none of the moving defendants reside in this district or are licensed to do business here, and since the claim did not arise in this district, plaintiff must rely on the "doing business" section of the venue statute. Plaintiff correctly states Pennsylvania law, which is the law that governs for our purposes, concerning the scope of "doing business." The Pennsylvania test for establishing whether a corporation is doing business in this state looks only at whether or not the corporation is deriving revenues from activity within this state; the distribution and marketing system which it sets up for deriving those revenues is immaterial for jurisdictional purposes. Gorso v. Bell Equipment Corporation, 476 F.2d 1216 (3rd Cir. 1973). Plaintiff's argument that venue is proper in this district relies heavily on defendants' statements made elsewhere, that Bell's Long Lines Division and the Bell operating companies, such as the moving defendants, are partners in interstate telephone communications, that they file joint tariffs with regulatory bodies, and that they derive joint revenues from interstate communications. Since the moving defendants derive revenue from interstate calls, and since some of these calls must terminate in the Eastern District of Pennsylvania, plaintiff contends that venue for these defendants is proper in this district. We cannot accept this argument. Its logic would subject a parent corporation totally removed from a district to venue within that district if the parent owned a profitable subsidiary there. Conversely, it would expose a subsidiary which did not itself do business within a district to suit within that district merely because the parent corporation was active in that district. Joint tariffs, or revenues, do not extinguish separate corporate forms. San Antonio Telephone Company, Inc. et al. v. American Telephone & Telegraph Company et al., 364 F.Supp. 1157 (W.D. Tex.1973); School District of Philadelphia v. Kurtz Bros. et al., 240 F.Supp. 361 (E.D.Pa.1965). Only joint activities within this district could subject these operating companies to jurisdiction and venue here.

The implication of plaintiff's arguments that venue for the three operating companies is proper in this district is that venue would be proper for any Bell operating company wherever located, in any and every judicial district in the United States since AT&T Long Lines Division provides service to and from every judicial district and every Bell operating company shares facilities and revenues with Long Lines. Plaintiff counters this by saying that if the joint operations of the Bell subsidiaries do not provide a basis for personal jurisdiction and venue here, then it will be impossible for a plaintiff such as N–TRIPLE–C to obtain the relief it wants unless it brings suit in several districts at once. However, plaintiff's argument overlooks the fact that if it is determined that the denial of the services plaintiff seeks is the result of a policy of defendant AT&T, which has been imposed on the operating companies by reason of AT&T's control over them, defendant AT&T can be ordered to cause its subsidiaries to provide the requested service. MCI Communications Corporation et al. v. American Telephone and Telegraph Co. et al., 369 F.Supp. 1004, 1029–1030 (1974), rev'd on other grounds, 496 F.2d 214 (3rd Cir. 1974).

## ORDER

And now, to wit, this 24th day of May, 1974, the motions of Illinois Bell Telephone Company, Northwestern Bell Telephone Company, and Southwestern Bell Telephone Company, defendants in the above captioned matter, to dismiss the complaint against them for insufficiency of process and lack of venue is hereby granted.

And it is so Ordered.