Phyllis WALKER, et al.

v.

TRANSPORT OF NEW JERSEY, et al.

Civ. A. No. 81–4135.

United States District Court,
E. D. Pennsylvania.

March 23, 1982.

Gene D. Cohen, Philadelphia, Pa., for plaintiffs.

Robert B. Mulhern, Swartz, Campbell & Detweiler, Philadelphia, Pa., for defendants.

## MEMORANDUM

GILES, District Judge.

Plaintiffs brought this diversity action alleging that defendant's negligence injured plaintiffs while passengers on defendant's bus. Defendant moves to dismiss on the ground of eleventh-amendment immunity. For the reasons which follow, the motion will be granted.

Defendant's argument is simple. It contends that it is a department or agency of the state of New Jersey,[1] it has not consented to be sued in federal court, and it therefore is immune from suit there.[2] Plaintiff does not dispute that defendant is a state agency. Instead, plaintiff argues that defendant has waived its immunity.

■ The first argument is that the legislature has expressly waived immunity by giving the New Jersey Transit Corporation the power to "sue or be sued." N.J.Stat. Ann. § 27:25–5(a) (West Supp.1981). This argument is unavailing for several reasons. First, defendant is not the New Jersey Transit Corporation, but Transport of New Jersey. *See* note 1 *supra*. Second, as I read the statute, it confers *capacity* to be sued. *See generally* C. Wright & A. Miller, *Federal Practice and Procedure* § 1559 (1971). The statute does not change the types of actions in which New Jersey and its agencies may be sued; it merely allows suit against one entity *in its own name*, rather than requiring a plaintiff to sue New Jersey, its Department of Transportation, or some other organization. Third, even if the statute were a waiver of sovereign immunity, it would not consent to suit in federal court. "[C]onsent to . . . suit in the federal courts has not been inferred absent a clear declaration in the statutory language that the state intended to waive its eleventh-amendment immunity as well as

its sovereign immunity under state law." *Skehan v. Board of Trustees of Bloomsburg State College*, 590 F.2d 470, 487 (3d Cir. 1978), *cert. denied*, 444 U.S. 832, 100 S.Ct. 61, 62 L.Ed.2d 41 (1979); *see Skehan v. Board of Trustees of Bloomsburg State College*, 669 F.2d 142, at 148–149 (3d Cir. 1982).

■ Plaintiff's second argument is that defendant has waived its immunity by implication. Plaintiff contends that because defendant is a common carrier actively engaged in commerce it has waived its immunity from suit in the federal courts. Plaintiff cites *Parden v. Terminal Railway*, 377 U.S. 184, 84 S.Ct. 1207, 12 L.Ed.2d 233 (1964), and the revised Interstate Commerce Act, 49 U.S.C. § 11705 (Supp.II 1978). *Parden* stands for the proposition that by entering an activity subject to federal regulation, a state subjects itself to suit under conditions attached by Congress. 377 U.S. at 196, 84 S.Ct. at 1215. This suit, however, is not brought under the congressional statute, 49 U.S.C. § 11705(b); it is a diversity action for negligence under state law. Even if defendant has consented to suit under the Interstate Commerce Act, that consent would not embrace state-law suits. *See Red Star Towing & Transportation Co. v. Department of Transportation of New Jersey*, 423 F.2d 104, 105–06 (3d Cir. 1970) (state does not consent to admiralty jurisdiction by building bridge subject to federal regulation under 33 U.S.C. §§ 401 and 403). Thus, there is no implied consent to this action.

■ The party invoking jurisdiction has the burden of proving jurisdiction. *See, e.g., International Association of Machinists v. Northwest Airlines*, 673 F.2d 700, at 711, at 19 (3d Cir. 1982) (quoting *Mortensen v. First*

---

1. Defendant Transport of New Jersey is a bus company wholly owned by the New Jersey Transit Corporation, having been acquired by purchase of all the stock in October, 1980. *See Budd Co. v. United States Dep't of Transp.*, 89 F.R.D. 555, 556 (E.D.Pa.1981). New Jersey Transit Corporation is a public agency of New Jersey. *See id.*; N.J.Stat.Ann. § 27:25–4(a) (West.Supp.1981).

2. On eleventh-amendment immunity, *see generally, e.g., Skehan v. Board of Trustees of Bloomsburg State College*, 669 F.2d 142 at 147–149 (3d Cir. 1982); Field, *The Eleventh Amendment and Other Sovereign Immunity Doctrines* (pts. 1 & 2), 126 U.Pa.L.Rev. 515 (1978), 126 U.Pa.L.Rev. 1203 (1978).

*Federal Savings & Loan Association,* 549 F.2d 884, 891 (3d Cir. 1977)). Eleventh-amendment immunity is a question of subject-matter jurisdiction. *See, e.g., Blake v. Kline,* 612 F.2d 718, 721 (3d Cir. 1979), *cert. denied,* 447 U.S. 921, 100 S.Ct. 3011, 65 L.Ed.2d 1112 (1980). Under the arguments presented and the record before me, plaintiff has failed to carry its burden of showing subject-matter jurisdiction. Therefore, the case must be dismissed.